IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN HENRY,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | No. CV-F-01-5867 MDC<br>(No. CR-F-98-5121 MDC)<br><br>ORDER DEEMING PETITIONER'S MOTION UNDER RULE 60(b)(4), FEDERAL RULES OF CIVIL PROCEDURE TO BE A SECOND OR SUCCESSIVE MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255 AND DISMISSING DEEMED MOTION FOR LACK OF JURISDICTION |

On April 26, 2006, Ryan Henry, proceeding <u>in pro per</u>, filed a motion pursuant to Rule 60(b)(4), Federal Rules of Civil Procedure, and Rule 12(h)(3), Federal Rules of Civil Procedure, contending that this court "exceeded it's subject matter jurisdiction the court failed to have jurisdiction in the above case moreover, the judgment was imposed in violation of law, and the defect making the judgment void. [sic]"[1]

---

[1] Because of Judge Crocker's retirement, this action has been assigned to Judge Coyle.

1

By Indictment filed on April 2, 1998, the Grand Jury charged that petitioner

> beginning on or about September 18, 1998 and continuing to on or about October 3, 1996, in the County of Kern, State and Eastern District of California, did solicit, command, induce, or otherwise endeavor to persuade another person to engage in conduct constituting a felony that has the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, to wit the murder of a local law enforcement officer aiding a federal criminal investigation, with the intent that the other person engage in such conduct, in violation of Title 18, United States Code, Sections 373 and 1121.

Petitioner, who was represented by counsel, proceeded to jury trial and was convicted.  Petitioner was sentenced on February 22, 1999 to 240 months in custody and three years of supervised release.  Petitioner appealed his conviction to the Ninth Circuit on the ground of insufficiency of the evidence.  The Ninth Circuit  affirmed the conviction on April 3, 2000.

On July 10, 2001, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, raising as grounds for relief ineffective assistance of counsel by counsel's advisement to reject the Government's plea offer, by misrepresenting the maximum sentence and the consequences of going to trial, and by failing to argue against a two-level enhancement for an aggravated role at sentencing.  Petitioner also alleged that his sentence was improperly enhanced in violation of his rights under the Fifth and Sixth Amendments

2

1 pursuant to Apprendi v. New Jersey.  By Order filed on February
2 11, 2002, petitioner's Section 2255 motion was denied.  By Order
3 filed on April 29, 2002, petitioner's request for a certificate
4 of appealability was denied.  The Ninth Circuit denied
5 petitioner's request for a certificate of appealability by Order
6 filed with this court on February 28, 2003 and denied
7 petitioner's motion for reconsideration of that denial by Order
8 filed with this court on April 28, 2003.

9  Petitioner's instant motion is filed in the criminal action
10 and makes no reference to the previously filed and denied Section
11 2255 motion.  As noted, petitioner's instant motion is based on
12 Rules 12(h)(3) and 60(b)(4), Federal Rules of Civil Procedure.

13  Petitioner cannot proceed in the criminal action pursuant to
14 Rule 60(b), Federal Rules of Civil Procedure.  Rule 60(b) does
15 not apply to obtain relief from a final judgment in a criminal
16 action.  See United States v. Mosavi, 138 F.3d 1365 (11th Cir.
17 1998); 12 Moore's Federal Practice, § 60.02 (Matthew Bender 3rd
18 ed.).  For the same reason, petitioner cannot proceed in the
19 criminal action pursuant to Rule 12(h)(3), Federal Rules of Civil
20 Procedure.  See United States v. Mitchell, 405 F.Supp.2d 602
21 (D.Md. 2005).

22  Under the AEDPA, a petitioner is precluded from filing a
23 "second or successive" petition for relief pursuant to Section
24 2255 in the absence of certification by the appropriate Court of
25 Appeals.  A Rule 60(b) motion filed in connection with a prior
26 judgment denying a Section 2255 motion is not to be treated as

3

second or successive motion if it does not assert or reassert claims of error in the petitioner's conviction. See Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641, 2651 (2005). However, if a petitioner seeks to assert or reassert claims challenging the validity of his conviction, the motion is in substance of successive Section 2255 petition although labeled a Rule 60(b) motion. See id., at 2647.

Here, petitioner contends that this court did not have jurisdiction to convict him in the criminal action because the Indictment failed to allege the essential elements of the crimes of which he was convicted. As noted, petitioner did not previously raise this claim on appeal or in his Section 2255 motion. Therefore, the court concludes that petitioner's Rule 60(b) motion is a second or successive Section 2255 motion. Consequently, this court lacks jurisdiction to consider the merits of this motion. United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998). Petitioner first must apply to the Ninth Circuit Court of Appeals and receive authorization to file this motion.

ACCORDINGLY:

1. Petitioner's motion for relief pursuant to Rules 12(h)(3) and 60(b)(4), Federal Rules of Civil Procedure, is deemed to be a second or successive motion for relief pursuant to 28 U.S.C. § 2255 and is dismissed for lack of jurisdiction.

///

///

IT IS SO ORDERED.

668554**Dated:  April 27, 2006**               **/s/ Robert E. Coyle**
                                                UNITED STATES DISTRICT JUDGE